PER CURIAM.
The original trial judge on July 7, 2000 ordered plaintiff to submit to a functional capacity evaluation by a physical therapist of plaintiffs choice, and the court of appeal denied plaintiffs application for supervisory writs.
When defendants sought to compel plaintiffs attendance, the original trial judge recused herself on July 25, 2000, and the case was reallotted to another judge.
Plaintiffs application for certiorari to this court complains that a functional capacity evaluation by a physical therapist goes beyond the scope of La.Code Civ. Proc. art. 1464, which provides that when *83 the physical or mental condition of a party is in controversy, the court may order the party to submit to a physical or mental examination by a physician, or by a licensed plinical psychologist or a vocational rehabilitátion expert who is not a physician.
Because the judge who issued the order has recused herself, on the basis of a ground that existed (but may not have been recognized) at the time of the July 7 ruling, we deem it appropriate to vacate the ruling and to remand the case for a decision on the motion by the judge to whom the case has been reallotted.
Accordingly, the application is granted, the ruling of the trial court ordering a functional capacity evaluation by a physical therapist is set aside, and the matter is remanded for further proceedings.